LAW OFFICES OF BARNABA & MARCONI, LLP
By: Dennis M. Marconi, Esquire
DMM 9293
315 Lowell Avenue
Trenton, NJ 08619
(609) 584-1444
Attorneys for Defendants Transpro, Inc.
and Carolina Freightways, Inc.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM DANKWA and<br>JOSEPHINE DANKWA as h/w | : <br> : <br> : <br> : <br> : | Civil Action <br><br> No.: 2:16-cv-05278-CMR |
| Plaintiffs, | : <br> : | |
| v.<br><br>DAVID CRAIG, TRANSPRO, INC.<br>CAROLINA FREIGHTWAYS, INC. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | ANSWER, AFFIRMATIVE DEFENSES AND<br>JURY DEMAND OF DEFENDANTS<br>TRANSPRO AND CAROLINA<br>FREIGHTWAYS, INC. TO PLAINTIFFS'<br>COMPLAINT |
| Defendants, | : <br> : | |

---

Defendants Transpro and Carolina Freightways, Inc., by and through their attorneys, Barnaba & Marconi, LLP, hereby answer the plaintiffs' complaint as follows:

**2V Motor Vehicle Accident – Complaint in Civil Action**

1. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Answering defendants admit the allegations contained in Paragraph 2.

3. Answering defendants admit the allegations contained in Paragraph 3.

4. Answering defendants admit the allegations contained in Paragraph 4.

5. Answering defendants admit the allegations contained in Paragraph 5.

6. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendants deny that they were acting as agents, servants, workmen and/or employees of all other named defendants. Strict proof thereof is demanded at trial, if material.

7. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendants deny that they were careless and negligent as alleged. As further answer, answering defendants, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

8. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendants deny that the aforesaid collision was caused by the negligence of defendants, David Craig, Transpro, Inc. and Carolina Freightways, Inc. As further answer, answering defendants specifically deny the allegations outlined in paragraphs a-l. Strict proof thereof is demanded at trial if material.

## COUNT I

### PLAINTIFF, WILLIAM DANKWA vs. ALL DEFENDANTS

9. Answering defendants repeat their answers to the previous counts of the complaint as if set forth at length herein.

10. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendants deny that they were negligent as alleged. As further answer, answering defendants, after reasonable investigation, presently lack sufficient knowledge and/or information to admit or deny the

remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

11. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

**WHEREFORE,** Answering defendants pray that judgment, together with costs and interest be entered in their favor and against the plaintiffs, that plaintiffs' complaint be dismissed with prejudice, and that the answering defendants be awarded such other and further relief as may be appropriate under the circumstances.

## COUNT II

## PLAINTIFF, JOSEPHINE DANKWA vs. ALL DEFENDANTS

17. Answering defendants repeat their answers to the previous counts of the complaint as if set forth at length herein.

18. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

**WHEREFORE,** Answering defendants pray that judgment, together with costs and interest be entered in their favor and against the plaintiffs, that plaintiffs' complaint be dismissed with prejudice, and that the answering defendants be awarded such other and further relief as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

By way of further answer, answering defendants aver the following New Matter:

1. Answering defendants hereby incorporate by reference thereto its answer to paragraphs 1-20 of the plaintiffs' complaint inclusive, as though fully set forth here at length.

2. Plaintiffs assumed the risk of their injuries.

3. Plaintiffs' losses and injuries, if any, were caused by their own negligent and careless conduct.

4. If some or all of the allegations contained in the plaintiffs' complaint are proven to be correct, the same being denied, then the plaintiffs' losses and injuries, if any, were caused by the conduct of third persons and entities other than the answering defendants for whom the answering defendants are legally responsible.

5. If some or all of the allegations contained in the plaintiffs' complaint are proven to be correct, the same being denied, then the plaintiffs' losses and injuries, if any, were caused by

intervening and/or superseding negligent and careless conduct of plaintiffs and of third persons and entities for whom the answering defendants are not legally responsible.

6. Plaintiffs' claims are barred or limited as the plaintiffs failed to mitigate their damages.

7. Plaintiffs' claims are barred or limited by the Provisions of the Pennsylvania Comparative Negligence Act and/or the Fair Share Act.

8. No act or omission on the part of the defendants were the proximate cause of the plaintiffs' alleged accident or injuries.

9. Answering defendants did not breach any duty owed to plaintiffs.

10. Answering defendants were not negligent or careless to plaintiffs or others.

11. Plaintiffs' claims are barred in whole or part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. Section 1701 et seq. as amended (hereinafter PMVFRL). Further, the defendants hereby assert all of the defenses, limitations and immunities available pursuant to the said Law.

12. Pursuant to the applicable provisions of the PMVFRL, plaintiffs are precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said Law up to and including the limit of required benefits under said Law.

13. Plaintiffs have elected the limited tort alternative, and plaintiffs' alleged injuries are not serious as defined by the PMVFRL; consequently, plaintiffs are precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

14. Plaintiffs are the owner of a currently registered motor vehicle and does not have financial responsibility as defined by the PMVFRL. Further, plaintiffs' alleged injuries are not

serious as defined by that Law; consequently, plaintiffs are precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

**WHEREFORE**, answering defendants demand judgment be entered in their favor and against the plaintiffs, that the plaintiffs' complaint be dismissed with prejudice, and that the answering defendants be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

BARNABA & MARCONI, LLP

BY: _____
**DENNIS M. MARCONI, ESQUIRE**
**Attorneys for Defendants, Transpro, Inc. and Carolina Freightways, Inc.**

Dated: November 10, 2016

## DESIGNATION OF TRIAL COUNSEL

Notice is hereby given that Dennis M. Marconi is designated as trial counsel for this case.

## JURY DEMAND

**PLEASE TAKE NOTICE** that answering defendants request Trial by Jury as to all issues.

BARNABA & MARCONI, LLP

BY: _____
**DENNIS M. MARCONI, ESQUIRE**
**Attorneys for Defendants, Transpro, Inc. and Carolina Freightways, Inc.**

Dated: November 10, 2016