**LAW OFFICES OF BARNABA & MARCONI, LLP**
By: Dennis M. Marconi, Esquire
DMM 9293
315 Lowell Avenue
Trenton, NJ 08619
(609) 584-1444
Attorneys for Defendants David Craig, Transpro, Inc.
and Carolina Freightways, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DANKWA and JOSEPHINE DANKWA as h/w <br><br> Plaintiffs, <br><br> v. <br><br> DAVID CRAIG, TRANSPRO, INC. CAROLINA FREIGHTWAYS, INC. <br><br> Defendants, | Civil Action <br><br> No.: 2:16-cv-05278-CMR <br><br><br> ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT DAVID CRAIG TO PLAINTIFFS' COMPLAINT |

Defendant, David Craig, by and through his attorneys, Barnaba & Marconi, LLP, hereby answers the Plaintiffs' Complaint as follows:

### 2V Motor Vehicle Accident – Complaint in Civil Action

1. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Answering defendant admits the allegations contained in Paragraph 2.

3. Answering defendant admits the allegations contained in Paragraph 3.

4. Answering defendant admits the allegations contained in Paragraph 4.

5.  Answering defendant admits the allegations contained in Paragraph 5.

6.  Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was acting as agents, servants, workmen and/or employees of all other named defendant. Strict proof thereof is demanded at trial, if material.

7.  Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was careless and negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

8.  Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that the aforesaid collision was caused by the negligence of defendants, David Craig, Transpro, Inc. and Carolina Freightways, Inc. As further answer, answering defendant specifically denies the allegations outlined in paragraphs a-l. Strict proof thereof is demanded at trial if material.

### COUNT I

### PLAINTIFF, WILLIAM DANKWA vs. ALL DEFENDANTS

9.  Answering defendant repeats his answers to the previous counts of the complaint as if set forth at length herein.

10. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations

contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

11. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

12. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

13. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

14. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations

contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

15. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

16. Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering defendant prays that judgment, together with costs and interest be entered in his favor and against the plaintiffs, that plaintiffs' complaint be dismissed with prejudice, and that the answering defendant be awarded such other and further relief as may be appropriate under the circumstances.

### COUNT II

### PLAINTIFF, JOSEPHINE DANKWA vs. ALL DEFENDANTS

17. Answering defendant repeats his answers to the previous counts of the complaint as if set forth at length herein.

18. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

20.     Denied. All allegations of law are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendant denies that he was negligent as alleged. As further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraph of the plaintiffs' complaint and strict proof thereof is demanded at trial, if material.

**WHEREFORE,** Answering defendant prays that judgment, together with costs and interest be entered in his favor and against the plaintiffs, that plaintiffs' complaint be dismissed with prejudice, and that the answering defendant be awarded such other and further relief as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

By way of further answer, answering defendant avers the following New Matter:

1.     Answering defendant hereby incorporates by reference thereto his answers to paragraphs 1-20 of the plaintiffs' complaint inclusive, as though fully set forth here at length.

2.     Plaintiff, William Dankwa, assumed the risk of his injuries.

3. Plaintiffs' losses and injuries, if any, were caused by their own negligent and careless conduct.

4. If some or all of the allegations contained in the plaintiffs' complaint are proven to be correct, the same being denied, then the plaintiffs' losses and injuries, if any, were caused by the conduct of third persons and entities other than the answering defendant for whom the answering defendant is legally responsible.

5. If some or all of the allegations contained in the plaintiffs' complaint are proven to be correct, the same being denied, then the plaintiffs' losses and injuries, if any, were caused by intervening and/or superseding negligent and careless conduct of plaintiffs and of third persons and entities for whom the answering defendant are not legally responsible.

6. Plaintiffs' claims are barred or limited as the plaintiffs failed to mitigate their damages.

7. Plaintiffs' claims are barred or limited by the Provisions of the Pennsylvania Comparative Negligence Act and/or the Fair Share Act.

8. No act or omission on the part of the defendant was the proximate cause of the plaintiffs' alleged accident or injuries.

9. Answering defendant did not breach any duty owed to plaintiffs.

10. Answering defendant was not negligent or careless to plaintiffs or others.

11. Plaintiffs' claims are barred in whole or part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. Section 1701 et seq. as amended (hereinafter PMVFRL). Further, the defendant hereby assert all of the defenses, limitations and immunities available pursuant to the said Law.

12. Pursuant to the applicable provisions of the PMVFRL, plaintiffs are precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said Law up to and including the limit of required benefits under said Law.

13. Plaintiffs have elected the limited tort alternative, and plaintiffs' alleged injuries are not serious as defined by the PMVFRL; consequently, plaintiffs are precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

14. Plaintiffs are the owner of a currently registered motor vehicle and does not have financial responsibility as defined by the PMVFRL. Further, plaintiffs' alleged injuries are not serious as defined by that Law; consequently, plaintiffs are precluded from recovering damages for pain and suffering by the applicable provisions of that Law.

**WHEREFORE**, answering defendant demands judgment be entered in his favor and against the plaintiffs, that the plaintiffs' complaint be dismissed with prejudice, and that the answering defendant be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

BARNABA & MARCONI, LLP

BY: _____

**DENNIS M. MARCONI, ESQUIRE**
**Attorneys for Defendant David Craig**

**Dated: March 7, 2017**

## DESIGNATION OF TRIAL COUNSEL

Notice is hereby given that Dennis M. Marconi is designated as trial counsel for this case.

## JURY DEMAND

**PLEASE TAKE NOTICE** that answering defendant requests Trial by Jury as to all issues.

                                    **BARNABA & MARCONI, LLP**

                           BY: _____
                                    **DENNIS M. MARCONI, ESQUIRE**
                                    **Attorneys for Defendant David Craig**

**Dated: March 7, 2017**